# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>v.<br><br>ELVIN ALISURETOVE,<br><br>    Defendant/Petitioner. | Case No. CIV-15-476-RAW<br>(Underlying Case No. CR-13-062-RAW) |

## ORDER

Before the court is Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence [Docket No. 1]. Petitioner's motion is timely.[1] On September 19, 2013, Petitioner pled guilty to count one of the Indictment, charging him with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. On June 11, 2014, Petitioner was sentenced to 63 months in the custody of the United States Bureau of Prisons, followed by 3 years of supervised release. Additionally, Petitioner was ordered to pay a $100 assessment and $240,682.27 in restitution. The Judgment was entered on June 20, 2014.

Petitioner filed an appeal, arguing that the court, in determining his total offense level and the length of his sentence, erred in calculating the loss amount associated with his conduct. He also argued that the court erred in determining the restitution he owed pursuant to the Mandatory

---

[1]  A one-year period of limitation applies to habeas motions. 28 U.S.C. § 2255; United States v. Ramos, 150 Fed.Appx. 752, 753 (10th Cir. 2005). In this case, the limitation period ran from the date on which the judgment of conviction became final. 28 U.S.C. § 2255(f)(1). The judgment of conviction became final when the Supreme Court denied the petition for a writ of certiorari on October 19, 2015. See Clay v. United States, 537 U.S. 522, 527 (2003); United States v. Prows, 448 F.3d 1223, 1227 (10th Cir. 2006). Petitioner filed this motion on December 3, 2015, within the one-year period of limitations.

Victims Restitution Act, 18 U.S.C. § 3663A ("MVRA"). On June 8, 2015, the United States Court of Appeals for the Tenth Circuit issued its Decision, affirming the court's calculation of loss associated with Petitioner's conduct, but reversing the court's calculation of the amount of restitution owed under the MVRA and remanding for resentencing on that issue. Petitioner appealed the Tenth Circuit's Decision. The Supreme Court of the United States denied his petition for a writ of certiorari on October 19, 2015.

Petitioner was resentenced in this court on October 1, 2015. When the court addressed the calculation of the amount of restitution owed under the MVRA, counsel announced a stipulation had been reached as to the loss amount. The court limited the restitution to the agreed amount of $84,734.84. The remainder of Petitioner's sentenced remained the same.

### *Custodial Sentence*

Petitioner now brings this § 2255 motion, alleging ineffective assistance of counsel and reurging issues already decided on appeal. Specifically, he argues that his sentence "is too long" for the dollar amount for which he accepted responsibility and should have been reduced at the resentencing. He argues that his counsel "lie[d] to [him] by stating [his] case was reopened only for the issue of the restitution amount" and was ineffective for failing to advocate for a recalculation of his custodial sentence. In fact, the court's calculation of the loss amount associated with his conduct was already addressed and upheld on appeal.[2] The action was remanded for recalculation of the restitution amount only. Accordingly, Petitioner's counsel was not ineffective for not advocating for a recalculation of his custodial sentence on resentencing. The motion is DENIED as to this argument.

---

[2] "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255." United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989).

### *Restitution Imposed on Resentencing*

Petitioner also argues that the stipulated restitution amount of "$84,000.00 was reached through mathematical equations that are not supported on his admitted responsability (sic) of being a driver only for another person in the alleged conspiracy as it should be related only to the specific dates where the Government readily accept (sic) Alisuretove was involved." As the Government argues, Petitioner's guilty plea to count one of the Indictment serves as an admission of the facts upon which restitution was imposed at the resentencing hearing.

More importantly, the proper avenue for challenging the restitution amount imposed at resentencing was upon direct appeal. "A defendant's failure to present an issue on direct appeal bars him from raising the issue in his § 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." United States v. Cook, 997 F.2d 1312, 1320 (10th Cir. 1993). Petitioner has not alleged ineffective assistance of counsel for failure to appeal the restitution amount imposed at resentencing or otherwise shown cause for his failure to appeal. He also has not shown that a fundamental miscarriage of justice will occur if his claim is not addressed. Accordingly, his motion is DENIED as to this argument also.

### *Mitigating Role*

Petitioner further argues that his counsel was ineffective on appeal for not pursuing or for abandoning the issue of a mitigating role reduction. In order to prevail on his claims of ineffective assistance of counsel, Petitioner must satisfy the two-prong test set out in Strickland v. Washington, 466 U.S. 668 (1984). Under this test, Petitioner must show both that his counsel's performance was deficient and that the deficiency prejudiced his defense. Id. at 687.

In other words, he must first show that his counsel's "representation fell below an objective standard of reasonableness." Id. at 688.

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.

Id. at 689.

A reviewing court must make every effort "to evaluate the conduct from counsel's perspective at the time." Id. Moreover, a defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (citation omitted). "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." Id.

If Petitioner gets past the first hurdle, he must then show that the error had an effect on the judgment in his case. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691. Even if an error had some conceivable effect, that is not enough to set aside a judgment. Id. at 693. Instead, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Petitioner's counsel on appeal averred that he abandoned the mitigating role issue after identifying stronger issues and deciding that it had weak potential on appeal. His assessment is entitled to deference. Defendant has failed to establish ineffective assistance of counsel. The motion is DENIED as to this argument as well.

4

*Conclusion*

For the reasons stated herein, Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence [Docket No. 1] is hereby DENIED on all grounds.[3]

**IT IS SO ORDERED** this 17th day of July, 2017.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**

---

[3] As noted by the Government, Petitioner also makes conclusory claims without any factual support, including a reference to 18 U.S.C. § 3553(f)(4), which is inapplicable in this case. All such claims are denied.